UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                          §
                                                §
BARBER, MARK ALLEN                              §        Case No. 13-37734
                                                §
                          Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on                      .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                  . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $          as interim compensation and now requests a sum of $          , for a total compensation of $          $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $          , for total expenses of $          $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____        By:/s/JOSEPH R. VOILAND_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1

Exhibit A

Case No:   13-37734   RG   Judge: MANUEL BARBOSA
Case Name:   BARBER, MARK ALLEN

For Period Ending: 06/14/14

Trustee Name:   JOSEPH R. VOILAND
Date Filed (f) or Converted (c):   09/25/13 (f)
341(a) Meeting Date:   10/28/13
Claims Bar Date:   05/08/14

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 5 Weston Court, South Elgin, IL | 155,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash | 0.00 | 0.00 | | 0.00 | FA |
| 3. checking acct - Chartered Bank | 380.00 | 380.00 | | 380.00 | FA |
| 4. Household Goods | 3,600.00 | 3,600.00 | | 2,000.00 | FA |
| 5. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 6. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 7. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 8. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 9. VOID (u) | Unknown | 0.00 | | 0.00 | FA |
| 10. Books, DVD's, movies, and video games | 400.00 | 400.00 | | 20.00 | FA |
| 11. Wearing Apparel | 300.00 | 0.00 | | 0.00 | FA |
| 12. tools and mowers | 400.00 | 0.00 | | 0.00 | FA |
| 13. bicycles, sports gear, toys and camera equipment | 1,025.00 | 1,025.00 | | 100.00 | FA |
| 14. tax refund | 127.00 | 127.00 | | 127.00 | FA |
| 15. 2005 Dodge Ram 1500 | 9,000.00 | 2,600.00 | | 873.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $170,232.00   $8,132.00   $3,500.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 08/15/14   Current Projected Date of Final Report (TFR): 08/15/14

LFORM1   **UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*   Ver: 17.05c

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| | |
|---|---|
| Case No: | 13-37734  -RG |
| Case Name: | BARBER, MARK ALLEN |
| | |
| Taxpayer ID No: | *******7916 |
| For Period Ending: | 06/14/14 |

| | |
|---|---|
| Trustee Name: | JOSEPH R. VOILAND |
| Bank Name: | Associated Bank |
| Account Number / CD #: | *******2063  Checking Account |
| | |
| Blanket Bond (per case limit): | $ 50,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 03/12/14 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 9999-000 | 3,490.00 | | 3,490.00 |
| 04/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,480.00 |
| 05/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,470.00 |
| 06/06/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,460.00 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | 3,490.00 | 30.00 | 3,460.00 |
| Less:  Bank Transfers/CD's | 3,490.00 | 0.00 | |
| Subtotal | 0.00 | 30.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 0.00 | 30.00 | |

| | | |
|---|---|---|
| Page Subtotals | 3,490.00 | 30.00 |

Ver: 17.05c

FORM 2

Page:   2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-37734  -RG | | Trustee Name: | JOSEPH R. VOILAND |
|---|---|---|---|---|
| Case Name: | BARBER, MARK ALLEN | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******0838  Checking Account |
| Taxpayer ID No: | *******7916 | | | |
| For Period Ending: | 06/14/14 | | Blanket Bond (per case limit): | $ 50,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 02/12/14 | * NOTE * | Chase Bank/ Mark Barber | * NOTE * Properties 3, 4, 10, 13, 14, 15 | 1129-000 | 3,500.00 | | 3,500.00 |
| 03/11/14 | | cb | bank service fee | 2600-000 | | 10.00 | 3,490.00 |
| 03/12/14 | | Trsf To Associated Bank | FINAL TRANSFER | 9999-000 | | 3,490.00 | 0.00 |

|  |  | | |
|---|---|---|---|
| COLUMN TOTALS | 3,500.00 | 3,500.00 | 0.00 |
| Less:  Bank Transfers/CD's | 0.00 | 3,490.00 | |
| Subtotal | 3,500.00 | 10.00 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 3,500.00 | 10.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********2063 | 0.00 | 30.00 | 3,460.00 |
| Checking Account - ********0838 | 3,500.00 | 10.00 | 0.00 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 3,500.00 | 40.00 | 3,460.00 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals          3,500.00          3,500.00

EXHIBIT C

ANALYSIS OF CLAIMS REGISTER

Page 1

Date: June 18, 2014

Case Number:   13-37734

Debtor Name:   BARBER, MARK ALLEN

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | JOSEPH R. VOILAND 1625 Wing Road Yorkville, IL  60560 | Administrative | | $875.00 | $0.00 | $875.00 |
| 001 2200-00 | JOSEPH R. VOILAND 1625 Wing Road Yorkville, IL  60560 | Administrative | | $41.30 | $0.00 | $41.30 |
| 000001 070 7100-00 | Capital One Bank (USA), N.A. USA NA by American InfoSource LP as agen PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $3,333.80 | $0.00 | $3,333.80 |
| 000002 070 7100-00 | Capital One, N.A. Attorney/Agent For Creditor c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $1,078.74 | $0.00 | $1,078.74 |
| | Case Totals: | | | $5,328.84 | $0.00 | $5,328.84 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-37734
Case Name: BARBER, MARK ALLEN
Trustee Name: JOSEPH R. VOILAND

Balance on hand                                            $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: JOSEPH R. VOILAND | $ | $ | $ |
| Trustee Expenses: JOSEPH R. VOILAND | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses       $_____

Remaining Balance                                            $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000002 | Capital One, N.A. | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance        $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE